UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

   -against-  04-CR-0454
                                                                                             (LEK)

RAYSHEAM BROWN, ALVIN BYERS,
AND ALONZO LOWE,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

Before this Court is a motion by Defendant Alvin Byers ("Byers") to dismiss the indictment against him, pursuant to 18 U.S.C. § 3162(a)(2), on the ground that he has not been tried within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. ("Speedy Trial Act"). For the following reasons, the motion is denied.

**I.**    **BACKGROUND**

On September 17, 2004, a five count indictment was returned against Defendants Raysheam Brown ("Brown"), Alonzo Lowe ("Lowe"), and Byers for violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846 and 924(c)(1)(A). Dkt. No. 8. Byers was arraigned and entered a plea of not guilty on September 23, 2004. Dkt. No. 12.

On November 18, 2004, the Court granted an exclusion of time in the interest of justice pursuant to 18 U.S.C. § 3161(h)(8)(A) on behalf of Defendant Lowe excluding the period of time beginning November 18, 2004 and continuing until January 19, 2005, for purposes of calculations under the Speedy Trial Act. Dkt. No. 20. The Court granted a second exclusion of

1

time on behalf of Defendant Lowe on January 18, 2005, excluding the period of time beginning January 19, 2005 and continuing until March 19, 2005. Dkt. No. 21. On March 22, 2005, a third exclusion of time was granted on behalf of Defendant Lowe, excluding the period of time beginning March 22, 2005 and continuing until May 21, 2005.[1] Dkt. No. 22.

On April 26, 2005, Byers brought the present motion to dismiss the indictment against him on the ground that over 220 days had passed since Byers' arraignment without being tried, and therefore, the Government was in violation of the Speedy Trial Act. Byers' Memo. (Dkt. No. 23) at 3. The Government opposes the motion, contending that Byers fails to account for certain exclusions of time, and that for purposes of the Speedy Trial Act, only fifty-six days have expired. Gov't Memo. (Dkt. No. 24) at 3.

## II.   DISCUSSION

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, a defendant must be tried within seventy days from the date of indictment or the defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act also provides for the exemption of certain periods of time from the computation of the seventy days. 18 U.S.C. § 3161(h).

18 U.S.C. § 3161(h)(8)(A) excludes any period of delay resulting from a continuance granted by a judge on the basis that the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

---

[1] A review of the docket sheet reveals that a fourth exclusion of time was granted on May 19, 2005 on behalf of Defendant Lowe, excluding the period of time beginning May 21, 2005 and continuing until June 18, 2005. Dkt. No. 26.

Defendant Lowe has been granted three continuances covering November 18, 2004 to March 19, 2005 and March 22, 2005 to May 21, 2005. Dkt. Nos. 20, 21, 22. Byers does not challenge the granting of these continuances.

18 U.S.C. § 3161(h)(7) provides that "[a] reasonable period of delay [may be excluded] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). "The effect of this provision is that a unitary 'Speedy Trial Clock' is applied to all of the defendants: an exclusion of time for one defendant is applicable to all." United States v. Payden, 620 F. Supp. 1426, 1427 (S.D.N.Y. 1985) (citing United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983)); see also United States v. Pena, 793 F.2d 486, 488 (2d Cir. 1986) ("[D]elay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants."); United States v. McGrath, 613 F.2d 361, 366 (2d Cir. 1979).

Specific to this case, courts addressing the issue of whether the grant of a continuance to one defendant pursuant to 18 U.S.C. § 3161(h)(8)(A) is applied to a codefendant have concluded that it is. See United States v. Balagula, 629 F. Supp. 394, 397 (E.D.N.Y. 1986) ("[T]he exclusion [pursuant to 18 U.S.C. § 3161(h)(8)(A)] granted at the request of [codefendants] was applicable to [defendant] under § 3161(h)(7)."); United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993) ("The trial delay due to the continuance granted to [defendant's] codefendants applies to him as excludable time."); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982) ([T]hese exclusions . . . apply to [defendant] despite his failure to join in the pretrial continuance motions"); United States v. Campbell, 706 F.2d 1138, 1143 (11th Cir. 1983) ("[T]he same

3

amount of time that was excluded for the co-defendants under § 3161(h)(8) was also excludable for [defendant] under § 3161(h)(7)").

Byers contends that any exclusion of time attributable to Defendant Lowe is not applicable to his Speedy Trial Act clock. Byers' Reply (Dkt. No. 25) at 1-2. To support this assertion, Byers argues that pursuant to 18 U.S.C. § 3161(h)(7), for an exclusion of time attributable to one defendant to be applicable to all codefendants, the period of delay must be reasonable, and that in this case, the period of delay is well beyond a reasonable period of time. Id. at 3.

In United States v. Vasquez, 918 F.2d 329 (2d Cir. 1990), the Second Circuit addressed a similar factual situation in which defendant argued that a twenty-two month delay caused by the competency proceedings of his codefendant were unreasonable for purposes of 18 U.S.C. § 3161(h)(7) and therefore could not be excluded in calculating defendant's Speedy Trial Act clock. Id. at 334. In denying defendant's motion, the Court found that 18 U.S.C. § 3161(h)(7) requires a defendant to move for severance before he can invoke the reasonableness requirement as to delays occasioned by his joinder with a codefendant. Id. at 336-37; see also United States v. Cephas, 937 F.2d 816, 822 (2d Cir. 1991); United States v. Blash, 43 Fed. Appx. 399, 401 (2d Cir. 2002).

In the present case, Byers has not moved for severance. Pursuant to Vasquez, he is therefore precluded from arguing that the exclusion of time resulting from delays of his codefendant are unreasonable under 18 U.S.C. § 3161(h)(7).

In calculating Byers' time under the Speedy Trial Act, the parties agree that the seventy

4

day limitation begins to run when the defendant enters a plea. See United States v. Nixon, 779 F.2d 126, 130 (2d Cir. 1985). Therefore, the Speedy Trial Act clock for Byers and his codefendants began to run after their arraignment on September 23, 2004. Since the delays attributable to any one defendant are chargeable to all defendants, the periods excluded as a result of the grant of continuances on behalf of Defendant Lowe, namely from November 18, 2004 to March 19, 2005 and March 22, 2005 to May 21, 2005, are also exclusions of time applicable to Byers. As a result, the Court concludes that only fifty-six days have been utilized for purposes of the Speedy Trial Act. Therefore, no violation of the Speedy Trial Act has occurred and Byers' motion to dismiss the indictment is denied.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant Byers' Motion to Dismiss the Indictment is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:   June 14, 2005
         Albany, New York

Lawrence E. Kahn
U.S. District Judge

5